UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GREGORY TYREE BROWN, | ) | CASE NO. C09-1546RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO COMPEL |
| | ) | |
| BERNARD WARNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Compel.  Dkt. #87. Plaintiff seeks to compel responses to several Interrogatories and Requests for Production from various Defendants.  For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## II.    BACKGROUND

Plaintiff is a Washington State inmate who has filed numerous petitions in this Court over the last 21 years.  *See*, *e.g.*, C93-0979CRD, C97-5053FDB, C03-3818MJP, C04-0564JCC, C07-1441RSM, C08-5326RBL and C14-5524RJB.  In the instant matter (C09-1546RSM), which was filed in 2009, Mr. Brown has alleged that Defendants violated his right to procedural due process by confiscating and immediately destroying his personal property as "nuisance contraband" pursuant to Department of Corrections ("DOC") Policy 420.375 because the state administrative code required that he be allowed the pre-deprivation option of

ORDER
PAGE - 1

sending the property elsewhere.  Dkt. #61.  In 2011 and 2012, the parties filed cross-motions for summary judgment addressing his claims.  The Court ultimately granted in part and denied in part the motions.  Dkt. #66.  As a result, procedural due process claims were allowed to proceed against Defendant Lopez in his individual and official capacities and Defendant Warner in his official capacity (as he had been substituted into the case as Secretary of the Department of Corrections).  *Id.*  This Court then appointed *pro bono* counsel for Mr. Brown.  Dkt. #70.

After appointment of counsel, Mr. Brown took no action on his case for a year.  Accordingly, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.  Dkt. #72.  On January 8, 2014, Plaintiff responded, representing to the Court that he had secured counsel and had been considering his options to resolve the matter.  Dkt. #73.  Plaintiff also represented to the Court that Defendants had revised Policy 402.375, and therefore Plaintiff was evaluating the revisions in light of the allegations in his Complaint.  *Id.*

On September 9, 2014, after receiving several additional status reports from the parties, the Court set this matter for trial on June 15, 2015.  Dkt. #78.  The parties' current discovery deadline is February 17, 2015.  *Id.*

### III.   DISCUSSION

#### A. Discovery Disputes

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'"  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)).  "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible

evidence.'"  *Id.*  "District courts have broad discretion in determining relevancy for discovery purposes."  *Id.* (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Here, Plaintiff seeks an Order compelling Defendants to produce documents in response to three Interrogatories and six Requests for Production which have been directed at various Defendants in this matter.  The Court addresses each of these discovery requests in turn, below.

### 1.   First Interrogatory Directed at Defendant Warner

Plaintiff first seeks to compel a response to the following Interrogatory directed at Defendant Warner:

> Identify each person with knowledge of facts relating to this case and the issue, subject, and facts the person has knowledge of, including but not limited to persons with  knowledge of Mr. Brown's removal from his cell and placement in the Segregation Unit on or about October 30 or 31, 2006 (including the decision-making process leading up to the removal), the collection and seizure of property from Mr. Brown's cell on or about November 1, 2006 (including each person with knowledge of the decision-making process leading up to it), and the discarding of that property or return to Mr. Brown for mailing out of the prison (including each person with knowledge of the decision-making process culminating in the discarding or return).

Dkt. #88, Ex. F.  Defendant Warner answered the Interrogatory by stating that he had no personal knowledge of the facts related to the case or the underlying incident on November 1, 2006, and that he was not employed by the Department of Corrections ("DOC") in 2006, but that he and other DOC employees have knowledge of the policies and procedures at issue.  *Id.*

ORDER
PAGE - 3

Plaintiff argues that Defendant Warner cannot limit his response to only his personal knowledge, and must be compelled to seek responsive information from others in the DOC with knowledge.  Dkt. #87 at 6-8.  Plaintiff bases his argument on the premise that Defendant Warner is, in effect, the DOC for purposes of this lawsuit.  *Id.*

Defendant Warner has been sued only in his official capacity.  It is well established that a suit against a named defendant in his official capacity is the functional equivalent of a suit against the state.  *Center for Bio-Ethical Reform, Inc. v. LASD*, 533 F.3d 780, 799 (9th Cir. 2008); *Butler v. Elle*, 281 F.3d 1014, 1023 (n.8) (9th Cir. 2002); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 n.3 (9th Cir. 1999), all citing *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L. Ed. 2d 114 (1985).  Thus, it is not proper for Defendant Warner to rely only on his personal knowledge when responding to Interrogatories, particularly to those directed toward events that occurred before he was employed.  *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 687 (M/D/ Fla. 2005) ("Like interrogatories, a party cannot refuse to admit or deny a request for admission based on lack of personal knowledge if the information is reasonably available to the party." (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982)).   In his response to the instant motion, Defendant also appears to object to the Interrogatory on the basis that responsive information is available elsewhere.  Dkt. #89 at 4-5.  However, Defendant Warner did not present such an objection in response to the Interrogatory itself.  *See* Dkt. #88, Ex. F.  Accordingly, the Court does not consider such argument on this motion.  For all of these reasons, <u>Defendant Warner shall</u>

ORDER
PAGE - 4

supplement his substantive response to this Interrogatory no later than February 17, 2015, after gathering responsive information from all sources available to him.[1]

       2.  *Second Interrogatory Directed at Defendant Warner*

      Plaintiff next seeks to compel a response to the following Interrogatory directed at Defendant Warner:

> Identify the reasons for and facts regarding removing Mr. Brown from his cell and placing him in to the Segregation Unit on or about October 30 or 31, 2006, or any other time when Mr. Brown was removed from his cell and placed in the Segregation Unit, including whether, on those occasions, property was collected, packed up, seized, searched, discarded in the garbage, or returned to Mr. Brown to mail out of the prison.

Dkt. #88, Ex. F.  As with the foregoing Interrogatory, Defendant Warner responded to this Interrogatory that he had no personal knowledge or information of the incident at that or any other time.  *Id.*  Again, Plaintiff argues that Defendant Warner cannot limit his response to only his personal knowledge, and must be compelled to seek responsive information from others in the DOC with knowledge.  Dkt. #87 at 6-8.  Plaintiff bases his argument on the premise that Defendant Warner is, in effect, the DOC for purposes of this lawsuit.  *Id.*

      For the same reasons set forth above, Defendant Warner shall supplement his substantive response no later than February 17, 2015, to this Interrogatory after gathering responsive information from all sources available to him.  Likewise, to the extent that Defendant objects to the Interrogatory on the basis that responsive information is available elsewhere, the Court will not consider such argument, as Defendant Warner did not present that objection in response to the Interrogatory itself.  *See* Dkt. #88, Ex. F.

---

[1]  Nothing in this Order precludes the parties from stipulating to a different response date, so long as such stipulation does not extend any of the other remaining pre-trial deadlines currently set by the Court.

ORDER
PAGE - 5

### 3. Third Interrogatory Directed at Defendant Warner

Plaintiff next seeks to compel a response to the following Interrogatory directed at Defendant Warner:

> Identify whether and how, on November 1, 2006, prison employees recorded in log books or otherwise the names of prison employees who searched or packed up inmate property from inmates' cells, and identify all employees' names recorded in said log books or otherwise with respect to the November 1, 2006 search of Mr. Brown's cell.

Dkt. #88, Ex. F.  As with the foregoing Interrogatories, Defendant Warner responded to this Interrogatory that he had no personal knowledge or information of the incident.  *Id.*  Plaintiff's arguments to that response are also the same.  For the same reasons set forth above, <u>Defendant Warner shall supplement his substantive response no later than February 17, 2015, to this Interrogatory after gathering responsive information from all sources available to him</u>.  To the extent that Defendant objects to the Interrogatory on the basis that responsive information is available elsewhere, the Court will not consider such argument, as Defendant Warner did not present that objection in response to the Interrogatory itself.  *See* Dkt. #88, Ex. F.

### 4. Scope of Search – First and Second Requests for Production Directed at Defendant Warner, First Request for Production Directed at Former Defendant Vail, and First and Second Requests for Production Directed at Defendant Lopez

Plaintiff next seeks to compel documents in response to the following Requests for Production directed at Defendants Warner and Lopez and former Defendant Vail:

> [To Warner]  Produce all documents in your possession, custody, or control that refer or relate to Mr. Brown or the subject matter of this litigation, including but not limited to records of Mr. Brown's medical history and treatment, and both official and unofficial communications that (1) explain or interpret the relevant DOC policies, (2) guide officials or employees in applying the policies, and (3) define or discuss the meaning of any terms used in the policies, especially "contraband" and "nuisance contraband."

Dkt. #88, Ex. G. Defendant Warner objected to this Request to the extent it sought attorney-client privileged or work product privileged communications; on the basis that it was overbroad and unduly burdensome; and on the basis that a complete, unredacted copy of MCC OM 420.375 would present a security and safety risk to the DOC. *Id.*

> [To Warner] Produce all documents in your possession, custody, or control that refer or relate to the removal of Mr. Brown from his cell and placement in the Segregation Unit on or about October 30 or 31, 2006 (including all documents that refer or relate to the decision-making process culminating in Mr. Brown's removal); the collection and seizure of Mr. Brown's property on or about November 1, 2006 (including all documents that refer or relate to the decision-making process culminating in said collection and seizure); and the resulting discarding of that property in the garbage or return to Mr. Brown for mailing out of the prison (including all documents that refer or relate to decision-making processes culminating in said discarding or return).

Dkt. #88, Ex. G. Defendant Warner did not object to this Request. *Id.* Rather, he responded by citing to the pages numbers of previously-produced documents.

> [To Lopez] Provide copies of any and all written complaints submitted by prison inmates regarding loss or destruction of property during cell searches.

Dkt. #88, Ex. B. Defendant Lopez objected to this Request on the basis that it was irrelevant and overbroad, but further responded that he had no documents responsive to the request. *Id.*

> [To Lopez] Produce all documents in your possession, custody, or control that refer or relate to Mr. Brown or the subject matter of this litigation, including but not limited to records of Mr. Brown's medical history and treatment, and both official and unofficial communications that (1) explain or interpret the relevant DOC policies, (2) guide officials or employees in applying the policies, and (3) define or discuss the meaning of any terms used in the policies, especially "contraband" and "nuisance contraband."

Dkt. #88, Ex. E. . Defendant Lopez objected to this Request to the extent it sought attorney-client privileged or work product privileged communications; on the basis that it was overbroad and unduly burdensome. He then cited to previously-produced response documents. *Id.*

ORDER
PAGE - 7

> [To Vail]  Provide a copy of any and all memoranda, directives and other interdepartmental communications generated by the Washington State DOC and prison employees regarding the implementation of DOC Policy 420.375.

Dkt. #88, Ex. C.   Former Defendant Vail responded that after a reasonable search, no responsive documents were found.  *Id.*

Although not entirely clear, it does not appear that Plaintiff takes issue with the specific objections and responses from the Defendants, except with respect to the medical record requested as further discussed below.  Rather, Plaintiff is upset with the way defense counsel has responded to his verbal requests for information about the scope of the searches conducted for documents responsive to these Requests.  *See* Dkt. #87 at 8-10.  Defense counsel responds that Plaintiff may obtain such information through discovery from the Defendants, but may not obtain it by asking defense counsel informally during discovery conferences.  Dkt. #89 at 5.

The Court expects the parties to work cooperatively and in an efficient and economical manner.  Defendants cite no legal authority precluding defense counsel from gathering the information sought and providing it to Plaintiff's counsel informally.   Moreover, such cooperation would have preserved Plaintiff's and the Court's resources with respect to this portion of the motion.  Accordingly, the Court directs the parties to meet and confer again regarding the scope of the searches conducted with respect to these four Requests, and expects defense counsel to provide such information in a cooperative and forthcoming manner.  Should this issue come before the Court again, defense counsel is warned that sanctions may be imposed.

### 5. *Mr. Brown's Medical and Central Files*

Plaintiff next argues that Defendant has refused to produce copies of Mr. Brown's medical and central files in response to requests for production.  Dkt. #87 at 10-11.  Defendants

ORDER
PAGE - 8

respond that Mr. Brown's request is "absurdly overbroad," and that he can review and receive the files any time he would like in any event.  Dkt. # 89 at 8.  Defendants apparently misunderstand their burden on this motion.  They have failed to demonstrate that these documents are irrelevant, and have failed to explain why it would be more burdensome to Plaintiff's counsel when they admit that Plaintiff is entitled to copies himself.  <u>As a result, Defendants shall provide copies of these files to Plaintiff's counsel no later than February 17, 2015</u>.

> 6.  *Second Request for Production Directed at Former Defendant Vail*

Finally, Plaintiff seeks documents responsive to the following Request directed at former Defendant Vail:

> Provide a true and accurate copy of the Washington State Department of Corrections Offender Grievance Manual.

Dkt. #88, Ex. D.  Defendant Vail objected to this Request on the basis that it is irrelevant, and overly broad and unduly burdensome because it fails to specific a timeframe.  *Id.*

Defendants' arguments are not well-taken, particularly because in the same breath Defendants note that Plaintiff can obtain a copy of the manual by making a public records request for it.  *See* Dkt. 389 at 10, fn. 2.  Defendants have failed to demonstrate that the manual is irrelevant, or that the request is overbroad or unduly burdensome.  <u>As a result, Defendants shall provide a copy of the Manual to Plaintiff's counsel no later than February 17, 2015. However, if it has not already done so, Plaintiff shall identify the timeframe for which he requests the manual</u>.

**B.  Plaintiff's Request for Attorney's Fees**

Plaintiff has requested his attorneys' fees and costs incurred as a result of bringing this motion.  Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is

ORDER
PAGE - 9

granted, this Court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Accordingly, Plaintiff shall submit a declaration setting forth the fees and costs incurred in presenting the instant motion no later than ten (10) days from the date of this Order. Defendants shall submit any response to the Declaration, within seven (7) days of receipt of the declaration.   After review of those submissions, the Court will issue a supplemental Order regarding the award of attorney's fees.

## IV.   CONCLUSION

Having reviewed Plaintiff's motion, the response in opposition thereto and reply in support thereof, along with all supporting declarations and the remainder of the record, the Court hereby ORDERS:

1.  Plaintiff's Motion to Compel (Dkt. #87) is GRANTED as set forth above.

2.  Plaintiff shall submit a declaration setting forth the fees and costs incurred in presenting the instant motion <u>no later than ten (10) days from the date of this Order</u>. Defendants shall submit any response to the Declaration, which may be <u>no longer than five (5) pages in length, within seven (7) days of receipt of the declaration</u>.

3.  After review of those submissions, the Court will issue a supplemental Order regarding the award of attorney's fees.

DATED this 12th day of February 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 10